

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LAMONT TERRELL LEADON, | | No. 08-12-00158-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 371st District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 1248547D) |
| | § | |

**O P I N I O N**

Lamont Terrell Leadon, *pro se*, appeals his conviction of evading arrest or detention with a vehicle, a state jail felony. A jury found Appellant guilty and assessed his punishment at confinement in the state jail for twenty-two months. We affirm.

**FACTUAL SUMMARY**

At about 11:40 p.m. on July 27, 2011, the Fort Worth Police Department received a disturbance call regarding a male who had forcibly entered a home and possibly forced another person into a car on the east side of Fort Worth. The suspect was reported to be driving a white Lincoln in an unknown direction. Officer John Lucas was on patrol in the east side of Fort Worth and spotted a vehicle matching the description provided in the dispatch traveling in the opposite direction. Lucas turned around and began to follow the white Lincoln. While Lucas waited on verification regarding the disturbance offense, he continued to follow the vehicle,

which made a few quick, sharp turns that caused the vehicle to "lean excessively" at some points. Lucas described the driver's actions as "typical behavior for someone who's trying to get away from a police car." After receiving additional information about the disturbance call, Lucas felt he had enough information to make an investigative stop of the vehicle. He turned on his overhead lights and the spotlight which illuminated the interior of the white Lincoln. Lucas could see that the driver was a male and a female was in the passenger seat, which was consistent with the disturbance call received earlier. Lucas subsequently identified the driver of the white Lincoln as Appellant. Lucas testified that his overhead lights and spotlight were noticeable to Appellant due to the brightness of the spotlight and the fact that he and the white Lincoln were the only two cars on the road. Appellant did not change speed or pull over and he instead continued driving in the same directed for about a hundred yards, which prompted Officer Lucas to turn on his siren. Appellant did not reduce his speed in response to the siren and emergency lights, but instead ran through a stop sign and continued to make the same kind of quick, sharp turns he had made when Lucas first began following him. Lucas then observed the vehicle turn onto a street that ended in a cul-de-sac. The white Lincoln stopped in the intersection and Appellant jumped out of the car and began running--"sprinting"--in the direction opposite of Officer Lucas' vehicle. Lucas then got out of his vehicle, began to attend to the potential kidnapping victim in the car, and saw another police vehicle driving towards his location. Officers Tullis and Winkovich had also received notice of the disturbance call and a description of the man driving the white Lincoln. They witnessed a man matching that description running towards them, and both officers got out of their car and tried to stop him. Officer Tullis identified Appellant at trial as the same man he saw running towards him. The officers drew their service weapons and told Appellant to stop running and get on the ground but he did not

2

obey their instructions. Officer Winkovich holstered his weapon and tackled Appellant to the ground, but Appellant pinned his hands between his body and the ground. The officers eventually succeeded in handcuffing Appellant and placed him under arrest. Officer Lucas observed all of this from his position next to the white Lincoln. A grand jury indicted Appellant for intentionally fleeing, using a vehicle, from Officer Lucas, knowing that Lucas was a peace officer attempting to lawfully arrest or detain him. The jury found him guilty of evading arrest or detention with a vehicle and assessed punishment at confinement in a state jail for twenty-two months.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first and third points of error, Appellant contends that he was denied the effective assistance of counsel at trial in violation of the Sixth Amendment.[1] In his first point of error, Appellant argues that his appointed counsel failed to preserve for appellate review a disproportionate sentence complaint because he did not object to the sentence and he did not raise the issue in a motion for new trial. In his third point of error, Appellant argues that trial counsel did not object to State's Exhibit 7, a picture of Appellant's girlfriend. *Standard of Review*

In reviewing whether or not a defendant was availed of his right to effective assistance of counsel, we apply the two-pronged test set forth in *Strickland v. Washington*. *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App. 1986), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first part of the *Strickland* test holds that in order to find that a counselor provided ineffective assistance, the defendant must prove that the counsel's

---

[1] After appointed counsel filed the appellant's brief, Appellant objected to the brief and asserted his right to represent himself on appeal. The trial court conducted a hearing and admonished Appellant regarding the dangers of disadvantages of self-representation, but Appellant persisted in his desire to represent himself. We entered an order striking the brief of counsel and Appellant filed his brief raising three issues.

performance was "deficient." *Id.* A showing of deficiency requires the defendant to demonstrate that the counsel made errors so significant in nature that counsel was not functioning as the "counsel" that is guaranteed by the Sixth Amendment. *Id.* The defendant must also demonstrate prejudice—that is, defendant must show that the outcome of the trial was altered due to counsel's error(s). *Id.* Unless a defendant demonstrates both that his counsel performed deficiently and that this deficient performance prejudiced the defense, the defendant cannot be said to have been denied effective assistance of counsel. *Id.* There is a strong presumption that counsel's conduct was reasonable, and defendant must rebut this presumption by showing, by a preponderance of the evidence, both deficiency and prejudice in order to maintain a successful claim of ineffective assistance of counsel. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999); *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

In our review, we must be deferential to counsel's choices made at trial and must rely on the record on direct appeal, as it contains the entirety of evidence concerning Appellant's trial counsel's performance. *Ramos v. State*, 45 S.W.3d 305, 311 (Tex.App.--Fort Worth 2001, pet. ref'd). However, it is widely accepted that this record cannot adequately reflect what circumstances or strategies motivated trial counsel's actions. *Rylander v. State,* 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003), *citing Mallet v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001). Although the record is almost always incomplete as to the trial counsel's strategy, it is inappropriate to incorporate the "I can't define it but I know it when I see it" standard of reviewing trial counsel's actions as effective or ineffective; thus, we must rely solely on the record on direct appeal and Appellant's showing of deficiency and prejudice in assessing whether or not Appellant was denied effective assistance of counsel. *Jackson v. State*, 877 S.W.2d 768, 772 (Tex.Crim.App. 1994). If there is no evidence in the record concerning

counsel's reasons for his actions, we cannot conclude that counsel's performance was ineffective. *Id*.

*Disproportionate Sentence*

In Appellant's first point of error, he asserts that trial counsel's performance is deficient because he failed to preserve the disproportionate sentencing issue by objecting to the sentence or by raising it in a motion for new trial. Under the *Strickland* standard, Appellant must show that the claimed error constituted deficient performance *and* prejudiced the defense. *Strickland*, 466 U.S. at 687. Under the second part of the *Strickland* standard, Appellant must show that his trial counsel's error deprived him of a fair trial whose result was reliable—that is, he must demonstrate that the outcome of his trial would have been different had counsel actually asserted a disproportionate sentencing claim in the motion for new trial. *Id.*; *Dewberry v. State*, 4 S.W.3d 735, 757 (Tex.Crim.App. 1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). The sentence assessed by the jury was within the statutory range (more than 180 days, but less than two years) and courts whose guidance we follow have a history of declining to find such punishments unconstitutional. *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973). Appellant does not proffer any evidence or arguments to demonstrate that the outcome of his trial would have been different had counsel asserted a disproportionate sentencing claim or that such a claim would have been successful on appeal. We find that Appellant has not satisfied the second prong of the *Strickland* test with respect to the disproportionate sentencing claim.

*Admission of Photograph*

In his third point of error, Appellant argues that trial counsel's failure to object to the admission of State's Exhibit 7 constituted ineffective assistance of counsel. State's Exhibit 7 is a

5

photograph of the woman who was in the vehicle with Appellant and she appears to have been crying. Appellant does not state any legal grounds in his brief why the photograph is inadmissible and simply contends that his girlfriend's photograph "and what she looked like on the night of the offense, had nothing to do with Appellant evading arrest while driving her in his car." To the extent Appellant's argument might be construed as raising a relevancy issue, it is without merit.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.EVID. 401. Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence. *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex.Crim.App. 2010); *Stewart v. State*, 129 S.W.3d 93, 96 (Tex.Crim.App. 2004). The information provided to Officer Lucas included a report that a woman may have been kidnapped by the driver of the white Lincoln. After Appellant fled from the vehicle, Lucas found a woman inside of the vehicle who appeared to have been crying and was visibly upset. The photograph of the woman is relevant because it demonstrated who was present in the vehicle with Appellant and it depicted how she appeared that evening. An attorney's failure to object to admissible evidence is not ineffective assistance. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex.Crim.App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex.Crim.App. 1994); *Burruss v. State*, 20 S.W.3d 179, 188 (Tex.App.--Texarkana 2000, pet. ref'd).

Further, Appellant has failed to demonstrate that he was prejudiced by the admission of State's Exhibit 7. Officer Lucas testified without objection that he found the woman in Appellant's car and it appeared she had been crying. Appellant has not shown that the outcome

6

of his trial would have been different if counsel had objected to the photograph because the same information was provided to the jury through the testimony of Officer Lucas. For these reasons, we conclude that Appellant has failed to show he was denied the effective assistance of counsel at trial. Issues One and Three are overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second point of error, Appellant challenges the legal sufficiency of the evidence supporting his conviction. Specifically, he argues that the uncorroborated testimony of Officer Lucas was not enough evidence to secure a conviction, as the testimony was not corroborated by any other evidence to suggest that Officer Lucas' testimony was not false. Appellant thus asserts that there was insufficient evidence to prove beyond a reasonable doubt that he evaded arrest or detention with a vehicle.

### *Standard of Review*

In reviewing the sufficiency of the evidence to determine whether the State proved all of the elements of evading arrest or detention with a vehicle beyond a reasonable doubt, we apply the *Jackson v. Virginia* standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010), *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, a reviewing court will consider all evidence in the light most favorable to the prosecution and determine whether *any* rational trier of fact could have found--beyond a reasonable doubt--that the prosecution proved all elements of the crime. *Brooks*, 323 S.W.3d at 894-94, *citing Jackson*, 443 U.S. 307 at 319, 99 S.Ct. 2781 at 2789. The jury is the trier of fact and the jury alone determines the credibility and weight that is to be given to admitted evidence; thus, we defer to the verdict delivered by the jury. *Brooks*, 323 S.W.3d at 894; TEX.CODE CRIM.PROC.ANN. art. 38.04 (West 1979). Furthermore, if the evidence supports conflicting

inferences, we must assume that the jury made all inferences in favor of the verdict and disregard all other possible inferences. *Id.* On appeal, we may not reevaluate the evidence and substitute our judgment for that made by the fact finder, but rather we must determine whether the jury could have reasonably come to find Appellant guilty of evading arrest or detention with a vehicle. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000); *Dewberry*, 4 S.W.3d at 740.

*Uncorroborated Testimony*

Appellant argues that the evidence offered by the prosecution was insufficient to prove that he evaded arrest or detention with a vehicle beyond a reasonable doubt. He argues that the State's only evidence against him was Officer Lucas' testimony, which was not supported by any additional evidence to corroborate Lucas' testimony that could prove to the jurors that Lucas "didn't 'make-up' a 'false-story'." Appellant's argument is without merit.

The State was not required to offer any corroborating evidence to support the testimony of the police officers who testified in this case. The jury is the sole judge of the weight and credibility of witness testimony. *Temple v. State*, 390 S.W.3d 341, 360 (Tex.Crim.App. 2013). Thus, the jury is free to believe or disbelieve all or part of a witness's testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App. 1998). It is well established that eyewitness testimony alone may be sufficient to support a guilty verdict. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex.Crim.App. 1971)("We conclude that the testimony of [an] eye witness alone was sufficient to support the jury's verdict."). Further, the Second Court of Appeals has applied this principle and held that the testimony of the arresting officers was sufficient to uphold a conviction of evading arrest. *See Jimenez v. State*, No. 2-04-092-CR, 2004 WL 2485264 at *3 (Tex.App.--Fort Worth, Nov. 4, 2004, no pet.)("the jury could choose to believe or disbelieve all or any portion of the officer's testimony"). Having viewed the evidence in the light most favorable to the verdict,

8

we find that it is legally sufficient to allow any rational fact finder to conclude that Appellant evaded arrest or detention with a vehicle as alleged in the indictment. Issue Two is overruled.

Having overruled each point of error, we affirm the judgment of the trial court.


July 30, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

9